# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Halimut Anaza, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 08-6002-CV-SJ-FJG |
| Washington Mutual Bank, et al., ) | |
|     Defendants. ) | |
| ) | |
| United States of America, ) | |
|     Plaintiff Intervenor, ) | |
| vs. ) | |
| Halimut Anaza, ) | |
|     Defendant. ) | |

**ORDER**

Pending before this Court is the United States' Motion for Summary Judgment (Doc. No. 21, filed on February 20, 2009). Suggestions in opposition to the motion for summary judgment were due on March 16, 2009. Plaintiff/intervenor defendant Anaza failed to file suggestions in opposition to the motion for summary judgment or a motion for extension of time to file same. On March 17, 2009, plaintiff/intervenor defendant Anaza was ordered to show cause in writing, on or before March 27, 2009, why the United States' Motion for Summary Judgment should not be granted. Plaintiff/intervenor defendant Anaza was cautioned that failure to respond to the order to show cause would result in this Court ruling on the record currently before it. Furthermore, plaintiff/intervenor defendant Anaza was ordered to show cause why her claims should not be dismissed for failure to prosecute and/or failure to comply with the orders of this court, due to her failure to file proposed witness lists and exhibits lists in accordance with the time limits specified in this Court's Scheduling and Trial Order (Doc. No. 6). Plaintiff/intervenor defendant Anaza was cautioned that failure to respond to this Order would result in dismissal of her claims without further notice.

Despite these warnings, to-date plaintiff/intervenor defendant Anaza has not filed a response to this Court's Order to Show Cause (Doc. No. 24). Accordingly, the Court enters the following Order on the United States' Motion for Summary Judgment.

**I.     Background**[1]

On February 12, 2007, plaintiff's real estate situated in Platte County, Missouri and located at 9016 North Chatham Avenue, Kansas City, Missouri, was sold in a non-judicial foreclosure sale. The sale resulted in a surplus of $8,352.60, which is being held by plaintiff's counsel in a trust account for the successor trustee. On the dates indicated below, a delegate of the Secretary of the Treasury properly and timely made assessments against, and gave notice of and made demand for payment upon, Halimut Anaza for federal employment tax (Form 941) liabilities as follows:

| Tax Period Ending | Date of Assessment | Assessed Tax | Unpaid Balance as of 10/28/08 |
| --- | --- | --- | --- |
| 3/31/2004 | 10/03/2005 | $16,471.16 | $11,348.80 |
| 9/30/2004 | 10/03/2005 | $27,976.93 | $34,409.76 |
| 12/31/2004 | 10/03/2005 | $23,116.83 | $28,169.95 |
|  |  | **Total:** | **$73,928.51** |

---

[1] In the following recitation of facts, the Court has viewed the evidence in the light most favorable to plaintiff/intervenor defendant, and has given her the benefit of all reasonable factual inferences. See Christopher v. Adam's Mark Hotels, 137 F.3d 1069, 1070 (8th Cir.), cert. denied, 525 U.S. 821, (1998). However, plaintiff/intervenor defendant has failed to specifically controvert any of the United States' statement of facts in her response to the pending motion for summary judgment. In accordance with Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School District, 76 F.3d 909, 911 n. 6 (8th Cir. 1996).

A Notice of Federal Tax Lien arising from the unpaid federal employment tax assessments detailed above was filed with the Recorder of Deeds for Platte County, Missouri, on November 10, 2005.

Plaintiff Halimut Anaza originally filed an action to quiet title in State Court with respect to the surplus proceeds from the foreclosure sale of her property. The United States moved to intervene in the State Court action on December 4, 2007, claiming an interest in the subject funds based on the above-referenced tax liens. The state court granted the motion to intervene on December 10, 2007. The United States then removed the action to this Court on January 3, 2008. The United States asserts that as it has a superior interest in the subject funds, those funds should be turned over to the United States.

**II.     Standard**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule

Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

## III. Analysis

In a quiet title action under 28 U.S.C. § 2410, the Court cannot inquire into the merits of the tax assessment underlying the lien, but only has jurisdiction to inquire into the procedural validity and priority of the lien. See Hughes v. United States, 953 F.2d 531, 538 (9th Cir. 1992); James v. United States, 970 F.2d 750, 753 (10th Cir. 1992); Gunnick v. U.S., 2008 WL 3166308, *4-5 (D. Minn. August 4, 2008); Eastman v. U.S., 2008 WL 899252, *2 (W.D. Ark. March 31, 2008). Furthermore, Ms. Anaza does not dispute that the liens are valid, and the United States has provided evidence of the validity of the liens in the form of IRS Certificates of Assessments of Payments. See Exhibit attachments to Doc. No. 22; see also United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993)(providing that IRS Certificates of Assessments of Payments are *prima facie* evidence of the validity of the federal tax assessments). These assessments created statutory federal tax liens that attached to Ms. Anaza's property and rights to property. See 26 U.S.C. §§ 6321 and 6322.

26 U.S.C. § 6323(a) provides that a lien imposed under Section 6321 does not have priority over certain specified competing creditors until notice of the federal tax lien is filed. The statutory federal tax liens in this matter arose on October 3, 2005, the date of assessment, and the IRS filed a notice of federal tax lien on November 10, 2005. Ms.

4

Anaza's property was sold in a foreclosure sale in February 2007. It appears that no other party has an interest in the property that has priority over the United States' interest. Therefore, the Court finds that the United States has a superior interest in the funds.

## IV. Conclusion

For the reasons stated in the United States' Motion for Summary Judgment and Suggestions in Support (Doc. Nos. 21 and 22), the United States' Motion for Summary Judgment is **GRANTED IN FULL**. The Court finds that the federal tax liens asserted by the United States attach to the subject funds of $8,352.60. The subject funds of $8,352.60 **SHALL** be distributed to the United States of America in partial satisfaction of Anaza's federal tax liability. As no other claims remain in this matter, the Court directs the Clerk's office to close this case.

**IT IS SO ORDERED.**

Date: 3/31/09　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　Chief United States District Judge